**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LARRY LEE MORRIS, JR.,
# 143959,**

      **Plaintiff,**

**vs.**                                   **Case No. 4:20cv232-AW-MAF**

**WALT MCNEIL, SHERIFF,**

      **Defendant.**
_____/

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding pro se and with in forma pauperis

status, has filed an amended civil rights complaint, ECF No. 9, pursuant to

42 U.S.C. § 1983 which has been reviewed as is required by 28 U.S.C. §

1915A.  Plaintiff's amended complaint is brought against Sheriff Walt

McNeil and generally asserts that the Sheriff created policies and rules

which have infringed his First Amendment rights.  *Id.*

In addition to the amended complaint, Plaintiff has filed a motion

requesting that the exhibits he submitted with his original complaint be

preserved.  ECF No. 10.  Plaintiff advises that he lacks access to a copy

machine to provide additional supporting documents and he also indicates

that, in some cases, he provided the originals to the Court previously and

cannot make further copies of documents he no longer retains.  *Id.*

Plaintiff's motion is granted and the Court will review the prior exhibits

previously submitted.

As for the first challenged policy, Plaintiff contends that "all mail is

sent to the public defender's office instead of to the Clerk of the Court."  *Id.*

at 5.  Thus, for approximately four months, Plaintiff claimed that his mail

was not delivered to the Clerk's Office, and for two additional months, no

mail was sent due to COVID-19.  ECF No. 9 at 5.  Accepting Plaintiff's

allegation as true, it does not appear that his amended complaint presents

a plausible claim for relief concerning the alleged policy which redirects

mail to the public defender's office.[1]

In the first place, Plaintiff indicated that he was not granted "pro se"

status until February 3, 2020.  *Id.* at 6.  Accordingly, because Plaintiff was

represented by counsel following his arrest on December 17, 2019, he

---

[1] Presumably, mail that was misdirected to the public defender's office would still be forwarded to the clerk's office.  Plaintiff provided no facts to the contrary and, indeed, his prior Exhibit 1 demonstrates that occurs.  Plaintiff's exhibit reveals that a document was stamped received by the public defender on February 19, 2020, and then stamped filed by the clerk's office on February 20, 2020.  ECF No. 2 at 25.

cannot reasonably show that his First Amendment rights were violated due to mail not reaching the Court because counsel would be able to file on his behalf.

Furthermore, Plaintiff has not alleged what specific motions he sought to file during that period of time, or beginning in February 2020 when he was pro se.  Plaintiff vaguely claimed that he "attempted to file at least five (5) motions to challenge his confinement and detention and those letters were sent to the Public Defender's Office delaying his due process rights and obstructing his access to the courts."  ECF No. 9 at 6.  He also said that he attempted to file a "habeas corpus petition in the trial court before an Information was filed in his case."  *Id.* at 6.  Plaintiff advised that the Information was not filed until January 13, 2020, which was 28 days after his arrest on December 17, 2019.  *Id.*  Plaintiff also claimed that his "demand for speedy trial was delayed by the rerouting of legal mail" and he was "forced to have his trial scheduled at later dates."  *Id.* at 6.  However, Plaintiff also acknowledged that his "trial was scheduled right before the COVID-19 pandemic" and, thus, it does not appear that his trial could have proceeded anyway.

Judicial notice is taken of Administrative Order AOSC20-13 which suspended "grand jury proceedings, jury selection proceedings, and criminal and civil jury trials" in all Florida courts due to COVID-19 as of March 16, 2020, through the end of March 2020.  A subsequent Order, AOSC20-17 extended the suspending of "all grand jury proceedings, jury selection proceedings, and criminal and civil jury trials" through April 17, 2020.  Another Order, AOSC20-23 extended the suspension of all jury trials in Florida courts through May 29, 2020.  Moreover, an amendment to that Order once again suspended jury trials through July 2, 2020. Furthermore, the time periods involved in the speedy trial procedure were "suspended until 90 days after the Chief Justice has approved the certification of a chief judge of a judicial circuit that the circuit or a county within the circuit has transitioned to Phase 3," pursuant to Administrative Order AOSC20-23, entered on June 16, 2020, by Chief Justice Charles T. Canady of the Florida Supreme Court.  In light thereof, Plaintiff has not shown that his First Amendment rights were violated by the Sheriff because his trial is necessarily delayed.

Case No. 4:20cv232-AW-MAF

Plaintiff has also attempted to assert a First Amendment claim because of "a deficient and fatal system or mode of operation for providing copies of legal material to inmates . . . ." ECF No. 9 at 7. Plaintiff's allegation on this point is conclusory and unexplained. He stated only that he had a habeas corpus petition dismissed in the First District Court of Appeal "because he was not able to obtain copies to serve on the opposing parties." *Id.* Plaintiff has not shown, however, that he was required by the Court to provide service copies, not has he demonstrated that he could not have written out his copies.

Plaintiff has advised that he has access to the law library, but no copy machine is available for him "to make copies of legal material," presumably to submit as exhibits. ECF No. 9 at 8. That is not a sufficient basis for a First Amendment claim, however, because courts do not require litigants to provide the court with legal materials. Judges have access to those materials and Plaintiff would need only provide a citation for a relevant point of law. Furthermore, Plaintiff was able to provide copies of some exhibits previously in this case, *see* ECF No. 2, which undercuts his argument.

More importantly, Plaintiff has not shown that he raised a non-frivolous argument within his habeas petition.  That omission is fatal to his claim.

To bring a plausible First Amendment claim, Plaintiff must show "actual injury."  "The actual-injury element requires that 'the plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim.'" Cranford v. Nevada Dept. of Corr., 398 F. App'x 540, 547 (11th Cir. 2010) (quoting Barbour v. Haley, 471 F.3d 1222, 1226 (11th. Cir. 2006) (citations omitted) (quoted in Mahon v. Tate, No. 5:17CV182-MCR/CAS, 2018 WL 4113374, at *2 (N.D. Fla. July 20, 2018), report and recommendation adopted, No. 5:17CV182-MCR/CAS, 2018 WL 4107912 (N.D. Fla. Aug. 29, 2018), appeal dismissed, No. 18-14012-D, 2018 WL 7858443 (11th Cir. Oct. 18, 2018)).  Because Plaintiff has not shown that he has been thwarted in an attempt to file non-frivolous motions or petitions, he has not shown that he has suffered injury.  This basis for Plaintiff's First Amendment claim is also insufficient.

In addition to those claims, Plaintiff has attempted to assert that he has not been given "constant access to law library."  ECF No. 9 at 10. Plaintiff has a constitutional right of access to court, but he does not have

"an abstract, freestanding right to a law library."  Lewis v. Casey, 518 U.S.

343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).  Plaintiff

"cannot establish relevant actual injury simply by establishing that his

prison's law library or legal assistance program is subpar in some

theoretical sense."  Lewis, 518 U.S. at 351, 116 S. Ct. at 2180.  Actual

injury must impair is ability to pursue a nonfrivolous appeal of a conviction,

to file a habeas petition, or civil rights suit.  Plaintiff has not shown that he

has been so impaired.

Finally, the Eleventh Circuit has "held that a criminal defendant who

seeks to proceed pro se has no right to access a law library to aid him in

his own defense at trial where he has already been provided the option of

legal counsel."  Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir. 2011)

(citing Edwards v. United States, 795 F.2d 958, 961 n. 1, 3 (11th Cir.1986)

(other citations omitted)).  Plaintiff previously attached to his hand-written

complaint a copy of an "order on motion for appointment of conflict

counsel" signed by state Circuit Judge Francis J. Allman.  ECF No. 2 at 28.

The order was entered on February 4, 2020, and stated that after holding a

Faretta inquiry, Defendant was found to be "competent to represent

himself" and conflict counsel would not be appointed.  *Id.*  Thus, Plaintiff

Case No. 4:20cv232-AW-MAF

"voluntarily and intelligently waived his right to counsel," which means that

he does not have a due process right "to access a law library and other

legal resources during his pre-trial detention."  Smith, 426 F. App'x at  789.

Courts in this circuit have held that "where a pretrial detainee claims that

his lack of access to legal material has hindered his ability to represent

himself in a pending criminal proceeding, the constitutional right of access

to courts may be satisfied if the plaintiff has been provided the option of

legal counsel and his decision to represent himself was voluntarily made."

Ash v. Daniel, No. 3:20-CV-229-J-32JRK, 2020 WL 1703789, at *5 (M.D.

Fla. Apr. 8, 2020) (citing to Smith, at 789); *see also* Daker v. Warren, 660

F. App'x 737, 740 (11th Cir. 2016) (noting that under Edwards v. United

States, 795 F.2d 958, 961 n.3, "when counsel is offered, the alternative of a

library is not mandatory")).  Plaintiff's due process claim is insufficient.

Because it does not appear that Plaintiff can present a sufficient

basis to support a First Amendment claim, it is recommended that this case

be dismissed without providing further opportunity to amend.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion to preserve exhibits from his original complaint,

ECF No. 10, is **GRANTED**.

2.  Plaintiff shall immediately file a notice to the Clerk's Office in the

event of an address change, transfer, or release from custody.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint,

ECF No. 9, be **DISMISSED** for failure to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order

adopting this Report and Recommendation direct the Clerk of Court to note

on the docket that this cause was dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 24, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv232-AW-MAF

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.